UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| Kathryn Hall, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| Strand Development Company, LLC ) | |
| d/b/a Strand Hospitality Services, and ) | |
| Revive Hospitality, LLC and Mayur Jeram, ) | (**JURY TRIAL DEMANDED**) |
| ) | |
| Defendants. ) | |
| _____ ) | |

    This is an action bought to remedy discrimination on the basis of race in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

    This Court has jurisdiction of this matter under 42 U.S.C. § 2000e -5(f), and under 28 U.S.C. §§ 1331 and 1343(4).

    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants operate the business that employs Plaintiff in Florence, South Carolina and therefore conducts business within the District of South Carolina, Florence Division; and, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the District of South Carolina, Florence Division.

Plaintiff was employed as Front Desk Operator of La Quinta Inn and Suites at 2123 W. Lucas Street, Florence, SC 29501, from May 2019 until May 2023. Over the course of her employment, Plaintiff will show:

1. Plaintiff is a Caucasian Female citizen of the United States and a resident of Florence, South Carolina.

2. Defendant, Mayur Jeram, is a resident of Horry County, South Carolina and the owner of the La Quinta Inn and Suites, through his company, Revive Hospitality, LLC.

3. Defendant, Revive Hospitality, LLC, upon information and belief, is a corporation organized in South Carolina that owns and operates La Quinta Inn and Suites in Florence, South Carolina.

4. Defendant, Strand Development Company, LLC, upon information and belief, is a corporation organized in South Carolina that does business as Strand Hospitality Services and provides hotel management, HR and payroll services to La Quinta Inn and Suites in Florence, South Carolina.

5. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

6. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants' conduct substantial, systematic, and continuous activity in this district and are subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

7. On January 26 ,2024, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding charge number 436-2023-01884, informing her of her

right to sue Defendants in response to her charge of race discrimination and/or retaliation.

8. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(4).

9. Plaintiff was employed as Front Desk Operator of La Quinta Inn and Suites at 2123 W. Lucas Street, Florence, SC 29501, from May 2019 until May 2023.

10. All Defendants controlled Plaintiff's work hours, work duties, breaks and work placement at La Quinta Inn and Suites, 2123 W Lucas Street, Florence, SC.

11. All Defendants were Plaintiff's employer within the meaning of 42 U.S.C. §2000e-(b).

12. Compensatory and punitive damages are both sought pursuant to the 1991 Civil Rights Act, et seq. as amended, as well as the 1964 Civil Rights Act, Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq. and Section 703(a) et seq. of the said Act.

13. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law.

14. Plaintiff worked for Defendants in a satisfactory manner and was not under the threat of termination for performance during the time of her employment from 2019 to 2023.

15. Plaintiff's work location was predominately African American and she was in the minority as a Caucasian female working the front desk.

16. Plaintiff was not allowed to miss work for any circumstance, even when sick; and Defendant would demand that she work or be fired.

17. Defendants indicated to Plaintiff that if she left the property in an ambulance Plaintiff then she would be fired for abandoning the property; however, her African American coworkers could leave the property during shift multiple times and were not disciplined.

18. Plaintiff was not provided any job protection as she would be berated and mistreated by customers to include attempts to assault Plaintiff and call her names; and Defendant expected that Plaintiff withstand the treatment and continue working.

19. On May 15, 2023, Defendant suspended Plaintiff for a dispute with a customer who was making complaints about housekeeping.

20. In response to the housekeeping complaint, Defendant suspended Plaintiff, the front desk clerk, but did not discipline anyone from the all African American housekeeping department.

21. Defendant terminated Plaintiff for violation of company guidelines; however Plaintiff is aware of African American employees who violated company policy and remained employed.

22. Plaintiff made complaints on various dates to Julie Schlosser as an HR representative regarding the lack of equal rights and the conduct of management.

23. Plaintiff believes she was subjected to discrimination and or retaliation because of her interracial relationship.

24. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

25. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner and in a manner which had a disparate impact on Plaintiff.

26. Plaintiff was subjected to the retaliatory and discriminatory practices of her employer. As a result of the acts of discrimination based on race and retaliation, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities.

## FIRST CAUSE OF ACTION
## (TITLE VII )

27. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

28. Plaintiff is a member of a protected class as a Caucasian female in an interracial relationship known to Defendants, and she was performing satisfactorily and not under the threat of termination before her abrupt suspension May 15, 2023 and termination May 29, 2023.

29. Plaintiff was subjected to unequal treatment as described above in the terms conditions privileges and discipline relating to employment.

30. Plaintiff engaged in protected activity when Plaintiff complained about unequal treatment in internal grievances with Defendants.

31. Defendant had no legitimate business reason for its treatment toward Plaintiff of denying an equal employment opportunity with respect to application of work rules, discipline and terms and conditions of employment.

32. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII; and retaliated against Plaintiff after her protected activity of making complaints internally of unequal treatment.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

34. As a result of the intentional, willful and wanton acts complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of a long term career with Defendant and the loss of wages, bonuses, benefits, and other compensation related to employment with Defendant. Plaintiff suffers emotional physical and financial distress and seeks back pay, front pay, actual and liquidated damages, compensatory damages, punitive damages, pre-judgment interest attorneys fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII ;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole

        for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits, and liquidated damages pursuant to Title VII;

D.     Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided under Title VII and state law;

E.     Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation, and other compensatory and punitive damages allowable under Title VII and state law, in the amount to be determined by a jury; and,

F.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

                                          WUKELA LAW FIRM

                                By:  s/ Pheobe A. Clark
                                       **Pheobe A. Clark**
                                       Federal ID No. 9888
                                       Post Office Box 13057
                                       Florence, SC  29504-3057
                                       Phone: (843) 669-5634
April 24, 2024                        Fax:    (843) 669-5150